UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BATH & BODY WORKS DIRECT, INC., et al.,

    Plaintiffs,

v.

RADIAL, INC.,

    Defendant.

CIVIL ACTION NO.
1:25-CV-00831-JPB

## ORDER

This matter is before the Court on Radial, Inc.'s Motion to Stay or Transfer Venue [Doc. 11]. This Court finds as follows:

## BACKGROUND

This case involves alleged breaches of the Second Amended and Restated E-Commerce Agreement ("the Agreement")—an agreement entered into between Bath & Body Works[1] and Radial. Under the Agreement, Radial agreed to provide critical ecommerce and logistics services to Bath & Body Works. [Doc. 1, p. 4]. By way of example, the Agreement required Radial to fulfill a certain number of Bath & Body Works' orders and transport those orders to customers.

---

[1] The plaintiffs in this case, Bath & Body Works, are comprised of Bath & Body Works Direct, Inc. and Bath & Body Works GC, LLC.

Bath & Body Works contends that Radial failed to comply with various provisions of the Agreement. As a result, on January 6, 2025, Bath & Body Works sent a letter in which it informed Radial that it was terminating portions of the parties' Agreement effective March 7, 2025. Id. at 12. Shortly thereafter, Bath & Body Works reached out to Radial to discuss details concerning the wind down of operations. Id. at 13. Radial, however, contested Bath and Body Works' ability to terminate the Agreement and claimed that it did, in fact, comply with the Agreement. Id. Given the disagreement between the parties, on January 28, 2025, the parties began engaging in settlement negotiations. Id. at 14–15.

On February 3, 2025, Radial filed suit against Bath & Body Works in the Eastern District of Pennsylvania ("the Pennsylvania Action") asserting claims for declaratory judgment, breach of contract, fraudulent inducement, breach of the implied covenant of good faith and fair dealing and unjust enrichment. [Doc. 11-2, p. 4]. In essence, Radial asserted that Bath & Body Works wrongfully terminated the Agreement. Id.

Two weeks later and even though Radial initiated the Pennsylvania Action, Bath & Body Works filed suit in this Court alleging three breach of contract claims, conversion, trover, breach of implied covenant of good faith and fair dealing and unjust enrichment. [Doc. 1]. In short, Bath & Body Works claimed

that Radial breached the Agreement in multiple ways and acted wrongfully after the Agreement was terminated.

On February 25, 2025, Radial filed the instant Motion to Stay or Transfer Venue. [Doc. 11]. The motion is ripe for review.

## ANALYSIS

Radial asserts that the "first-to-file rule" mandates either a stay or transfer of this action. The first-to-file rule "provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." Collegiate License Co. v. Am. Cas. Co. of Reading, 713 F.3d 71, 78 (11th Cir. 2013). Indeed, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). "The primary purposes of the rule are to conserve judicial resources and avoid conflicting rulings." Supreme Int'l Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604, 606 (S.D. Fla. 1997). The first-to-file rule was designed to prevent lawsuits on identical issues proceeding simultaneously in separate courts. Id. at 606–07. Significantly, if the rule applies, the second-filed case should be "dismissed or

transferred to the district where the first-filed case is pending." Elliott v. Williams, 549 F. Supp. 3d 1333, 1338 (S.D. Fla. 2021).

In determining whether the rule applies, courts should consider the following factors: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." Women's Choice Pharms., LLC v. Rook Pharms., Inc., No. 16-cv-62074, 2016 WL 6600438, at *2 (S.D. Fla. Nov. 8, 2016). "Notably, the first-to-file rule *doesn't* require that 'the parties and issues involved be identical'; it requires only that 'they are sufficiently similar or substantially overlap.'" Elliott, 549 F. Supp. 3d at 1349 (quoting Vital Pharms. Inc. v. PHD Mktg., No. 0:20-cv-60993, 2020-WL 6162794, at *1 (S.D. Fla. July 28, 2020)).

The first two factors identified above are not disputed and weigh in favor of applying the first-to-file rule. In fact, Bath & Body Works does not contest that the Pennsylvania Action was filed first or that the parties are identical. Instead, Bath & Body Works argues that the two actions do not have overlapping issues. Thus, the key issue here is the final factor—whether the issues involved in the two actions are similar.

In analyzing the final factor, the "first-to-file rule does not require that the complaints be 'mirror-images' of each other; instead, '[w]hat is required is a similarity or an overlapping in subject matter.'" Gratuity Sols., LLC v. Toast, Inc.,

4

No. 2:24-CV-737, 2025 WL 660775, at *2 (M.D. Fla. Feb. 28, 2025).  Notably, "[a]s long as the underlying facts are the same . . . the fact that the two complaints allege violations of different . . . laws is not enough to render them dissimilar for purposes of the first-to-file analysis."  Id.

After carefully considering the allegations presented in both actions, the Court easily concludes that the two cases substantially overlap in subject matter and issues.  Indeed, the Agreement is central to both cases, and both courts will need to construe the terms of the Agreement and decide whether either party breached those terms.  Importantly, it is clear to the Court that both suits involve the same underlying facts and details of the parties' relationship.  Because of the similarity of the issues in both cases, the Court finds that the third factor weighs in favor of applying the first-to-file rule.

Once a court determines that the first-to-file rule applies, the burden shifts to the plaintiff to show that "compelling circumstances" warrant an exception to the rule.  Manuel, 430 F.3d at 1135.  "Compelling circumstances include bad-faith negotiations, anticipatory litigation, and forum shopping."  Gratuity Sols., LLC, 2025 WL 660775, at *2.

In this case, Bath & Body Works asserts that Radial filed an anticipatory lawsuit in bad faith.  The anticipatory suit exception "applies when one party, on

notice of a potential lawsuit," files its own suit in anticipation of the other. <u>Collegiate License Co.</u>, 713 F.3d at 79. "A suit is anticipatory within the meaning of the exception to the first-to-file rule when the plaintiff files suit upon receipt of specific, concrete indications that a suit by the defendant is imminent." <u>Dredge Yard, Inc. DMCC v. SPI/Mobile Pulley Works, LLC</u>, No. 24-204, 2024 WL 4833650, at *3 (S.D. Ala. Oct. 17, 2024). In other words, "[t]o be improperly anticipatory, the party generally needs to have been specifically threatened with legal proceedings." <u>Id.</u>

Here, the record does not demonstrate that Bath & Body Works had threatened Radial with legal proceedings or intended to file suit against Radial at the time that Radial filed the Pennsylvania Action. Consequently, Bath & Body Works has failed to satisfy its burden to show that compelling circumstances warrant an exception to the first-to-file rule.

In summary, this Court finds that Radial has established the three requirements of the first-to-file rule by showing that a previously filed case exists with substantially similar parties and issues. The Court further finds that Bath & Body Works has failed to show compelling circumstances which would warrant an exception to the first-to-file rule. Accordingly, this Court finds that this matter should be transferred to the Eastern District of Pennsylvania.

## CONCLUSION

For the reasons stated above, Radial's Motion to Dismiss or Stay [Doc. 53] is **GRANTED**. Instead of staying this matter, this action is **TRANSFERRED** to the Eastern District of Pennsylvania. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 6th day of May, 2025.

_____
J. P. BOULEE
United States District Judge